UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>MANN, et al.,<br><br>    Defendants. | Case No. 24-cv-02378-JSW<br><br>**ORDER OF SERVICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF Nos. 3, 5) |

## INTRODUCTION

Plaintiff, who is civilly committed at Napa State Hospital ("NSH") and is proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against NSH staff members. He is granted leave to proceed in forma pauperis. For the reasons discussed below, the complaint is ordered served on Defendants Dr. Mann and Dr. Sabeen based upon the claims that are, when liberally construed, cognizable. Plaintiff is also directed to submit the last names of the other two Defendants to the Court on or before August 8, 2024; failure to do so will result in the dismissal of the claims against them.

## ANALYSIS

**A.　STANDARD OF REVIEW**

Section 1915(e)(2) provides that the court "shall" dismiss any case brought IFP "if the court determines" that the allegation of poverty is untrue, or that the action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915(e)(2) is not limited to prisoners; it applies to all litigants proceeding IFP, such as Plaintiff. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **LEGAL CLAIMS**

When liberally construed, Plaintiff states cognizable claims against Defendants Dr. Mann and Dr. Sabeen for violating his Eighth Amendment rights by failing to provide him treatment for his suicidal ideation.

Plaintiff also alleges two other staff members at NSH denied him treatment, but he does not provide sufficient information to identify them. He identifies one only as "Nicole Rec Therapist" and the other as "BJ (medical staff)." Without last names, these Defendants cannot be identified by the Marshal for service. Therefore, to proceed with claims against them, Plaintiff must submit their last names to the Court on or before **August 8, 2024. <u>Failure to do so will result in the dismissal of the claims against them without prejudice.</u>**

## CONCLUSION

For the reasons set out above,

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with any attachments, and a copy of

2

this order on **Dr. Mann and Dr. Sabeen at Napa State Hospital** and upon **the California Department of State Hospitals** (which runs Napa State Hospital).

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **October 9, 2024,** Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **November 9, 2024**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **November 23, 2024**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
2  parties may conduct discovery.
3        6.  Due to his lack of funds, Plaintiff is GRANTED leave to proceed in forma pauperis.[1]
4  **IT IS SO ORDERED.**
5  Dated: July 9, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[1] As Plaintiff is civilly committed, he is not a prisoner subject to the PLRA's financial reporting and full filing fee requirements of § 1915(a)(2) & (b). *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (individual civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 28 U.S.C. § 1915).